J-S33042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LANE | : | |
| | : | |
| Appellant | : | No. 918 EDA 2022 |

Appeal from the PCRA Order Entered March 17, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003487-2002

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JANUARY 27, 2023**

Michael Lane ("Lane") appeals *pro se* from the order dismissing his petition for *habeas corpus* relief,[1] which the lower court determined constituted an untimely second petition under the Post Conviction Relief Act ("PCRA").[2] We affirm.

In August 2003, a jury convicted Lane of multiple counts of robbery and aggravated assault and other crimes arising from an incident in which he stole money from a gas station convenience store and stabbed the attendant in the hands, severing multiple tendons. In December 2003, the court sentenced Lane, who had two prior murder convictions and a history of other violence, to a term of life imprisonment without parole under the "three strikes" law,

---

[1] *See* 42 Pa.C.S.A. §§ 6501-6505.

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

having found that a sentence of twenty-five years of total confinement was insufficient to protect the public safety. *See* 42 Pa.C.S.A. § 9714(a)(2).

Following a complicated procedural history not relevant to this appeal, this Court affirmed Lane's judgment of sentence. *See Commonwealth v. Lane*, 159 A.3d 602 (Pa. Super. 2016) (unpublished memorandum). The Pennsylvania Supreme Court denied Lane's petition for allowance of appeal on January 23, 2018. *See Commonwealth v. Lane*, 179 A.3d 1077 (Pa. 2018) (unpublished memorandum).

In March 2018, Lane filed a first PCRA petition, which the PCRA court dismissed following a hearing. *See Commonwealth v. Lane*, 256 A.3d 48, 2021 WL 2029806 at *4 n.3 (Pa. Super. 2021) (unpublished memorandum). Lane filed a *pro se* notice of appeal and after a *Grazier*[3] hearing, he retained new counsel, Matthew Rapa, Esquire ("Attorney Rapa"). After Attorney Rapa filed a statement of intent to file an *Anders* "no merit" brief,[4] Lane sought and received a second *Grazier* hearing and received permission to proceed

---

[3] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

[4] *See Anders v. California*, 386 U.S. 738 (1967). Counsel petitioning to withdraw from PCRA representation must proceed not under *Anders* but under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, because an *Anders* brief provides greater protection to a defendant, this Court could have accepted an *Anders* brief *in lieu* of a *Turner*/*Finley* "no merit" letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

*pro se*. This Court affirmed the dismissal of Lane's first PCRA petition in May 2021. *See Lane*, 256 A.3d 48, 2021 WL 2029806 at *6.

Lane filed a "Petition for Writ of *Habeas Corpus*," asserting that Attorney Rapa's statement of intent to file an *Anders* brief deprived him of his right to counsel. *See* Petition for Writ of *Habeas Corpus*, 12/17/21, at 2. The PCRA court regarded Lane's petition as a PCRA petition and on March 17, 2022 dismissed it as untimely after it issued a notice pursuant to Pa.R.Crim.P. 907, and Lane filed a *pro se* response which asserted the "newly discovered fact" exception to the time bar under 42 Pa.C.S.A. § 9545(b)(1)(ii). *See* Answer to Court's Notice of Intent to Dismiss, 3/8/22, at 3. Lane and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Lane presents the following issue for our review:

> Whether the [PCRA] court abused its discretion in dismissing [Lane]'s petition for habeas corpus relief as a petition pursuant to the Post Conviction Relief Act since his confinement is based on the denial of his right to a counseled PCRA proceeding?

Lane's Brief at 3.

Lane's issue asserts that the PCRA court erred by reviewing his petition under the PCRA rather than the *habeas corpus* statute.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the

evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The determination of whether a post-conviction claim is properly assessed as a *habeas corpus* claim or under the PCRA is as follows:

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (internal citations and footnote omitted).

A challenge to the deprivation of the right to counsel in a post-conviction proceeding is cognizable under the PCRA. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (adjudicating, under the PCRA, a claim of the right to effective representation on collateral review). The PCRA court, thus, did not abuse its discretion by reviewing Lane's claim under the PCRA, and

Lane cannot evade the requirements of the PCRA by asserting a claim of entitlement to *habeas corpus* relief.

Next, although not stated in his question involved in this appeal, Lane claims that he was denied a proper PCRA proceeding because he was completely abandoned by counsel, which he claims establishes an exception to the time-bar. In so arguing, Lane implicitly acknowledges that his claim was facially untimely because it was not raised in a PCRA petition filed within one year of the date the judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1).[5]

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

_____

[5] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3).

Lane's judgment of sentence became final on April 23, 2018, ninety days after the January 23, 2018 denial of his petition for Pennsylvania Supreme Court review when his time for filing a petition for writ of *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S. Sup. Ct. R. 13.1. Lane had until April 23, 2019 to file the instant PCRA petition, but did not do so until December 2021. Thus, Lane's petition is facially untimely under the PCRA, precluding review of the merits of the issues raised in the petition, absent a time-bar exception. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

Our courts have generally rejected attempts to circumvent the PCRA's timeliness requirements by asserting prior counsel's ineffectiveness as a newly discovered fact for purposes of the timeliness exception set forth in section 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (holding that the "fact" that current counsel discovered prior PCRA counsel had failed to develop an issue of trial counsel's ineffectiveness was not a newly-discovered fact qualifying for an exception to the PCRA time limitations). *Gamboa-Taylor* and subsequent case law do not apply to situations when counsel completely abandons his client for purposes of appeal. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007),

(recognizing that complete abandonment occurs where counsel had failed to file an appeal, as opposed to situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone); **see also Commonwealth v. Peterson**, 192 A.3d 1123, 1129 (Pa. (2018) (clarifying the distinction between claims of ineffectiveness for **partial** deprivations of appellate review, such as attorney errors that narrow the issues for review, from instances in which a petitioner assert claims of ineffectiveness resulting in **complete** deprivations of appellate review, such as those attorney errors that result in petitioners losing any opportunity for appellate review). In our Supreme Court's view, the complete deprivation of appellate review is the functional equivalent of having no counsel at all, and constitutes a form of ineffectiveness *per se. **See id**.

Lane claims that Attorney Rapa's application to withdraw from representation in his appeal of the dismissal of his first PCRA petition constituted a newly discovered fact of complete abandonment by counsel pursuant to section 9545(b)(1)(ii) and **Bennett**, rendering it error for the PCRA court to have dismissed his post-conviction petition without a hearing.

The PCRA court rejected Lane's assertion of a complete abandonment by prior PCRA counsel. The court noted that Lane was aware of counsel's stated intent to file a "no merit" letter in Lane's appeal of the dismissal of his first PCRA petition and that Lane sought to proceed *pro se* almost immediately.

Thus, there was no unknown fact for him to discover about PCRA counsel's representation. *See* PCRA Court Opinion, 5/12/22, at 8-9. Moreover, Lane immediately requested permission to proceed *pro se*, rather than seek the appointment of new counsel. Finally, Lane had the opportunity of which Bennett was deprived – the opportunity to obtain appellate review of his claim in his first petition. *See id*. at 9.

*Bennett* does not support Lane's assertion of a time-bar exception due to a complete deprivation of counsel or meaningful review in his prior PCRA appeal. The *Turner*/*Finley* procedures permit counsel to fulfill his obligation to his client without asserting meritless claims before a court, and the mere filing of a notice of intent to file a "no merit" letter in Lane's previous appeal in no way deprived him of his right to counsel or appellate review. *Cf*. *Commonwealth v. Glover*, 738 A.2d 460, 463-64 (Pa. Super. 1999) (discussing the *Turner*/*Finley* procedures and noting that "counsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment, counsel determines that the issues raised in those proceedings are meritless and if the post-conviction court concurs with counsel's assessment") (internal citation omitted). Moreover, as is clear from the PCRA court's analysis, Lane knew of counsel's desire to withdraw, chose to proceed *pro se*, and received review of the claim he claimed prior counsel failed to advance. Accordingly, Lane's assertion of a time-bar exception is

properly viewed as an assertion of an ordinary ineffective assistance of counsel claim under the guise of a new fact, which the Supreme Court has rejected. *See Gamboa-Taylor*, 753 A.2d at 785. Because Lane did not establish a valid time-bar exception, the PCRA court properly dismissed Lane's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2023